Linda M. Lawson (Bar No. 77130)
llawson@mmhllp.com
Cindy Mekari (Bar No. 272465)
cmekari@mmhllp.com
MESERVE, MUMPER & HUGHES LLP
300 South Grand Avenue, 24th Floor
Los Angeles, California 90071-3185
Telephone:  (213) 620-0300
Facsimile:  (213) 625-1930

Attorneys for Defendant
STANDARD INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE CORTES-LOPEZ GILSTRAP,<br><br>  Plaintiff,<br><br>  vs.<br><br>STANDARD INSURANCE COMPANY,<br><br>  Defendant. | Case No. CV12-03336 VBK<br><br>[~~PROPOSED~~] CONFIDENTIALITY AND PROTECTIVE ORDER GOVERNING PRODUCTION OR OTHER DISCOVERY OF PORTIONS OF STANDARD INSURANCE COMPANY'S CLAIMS MANUAL & UNDERWRITING MANUAL |

NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

## ORDER

GOOD CAUSE APPEARING, and pursuant to the agreement of the parties and their Stipulation Re: Confidentiality and Protective Order Governing Production or Other Discovery of Portions of Standard Insurance Company's Claims and Underwriting Manuals, the following confidentiality and protective order shall be in force in this matter.

1.  This Confidentiality and Protective Order (the "Order") shall govern the designation and handling of documents, records, or information containing or concerning confidential or proprietary non-public, commercial, financial, trade secret and/or private information produced by Standard in this lawsuit.

1

Case No.  CV12-03336 VBK
[PROPOSED] CONFIDENTIALITY AND PROTECTIVE ORDER GOVERNING PRODUCTION OR OTHER DISCOVERY OF PORTIONS OF STANDARD INSURANCE COMPANY'S CLAIMS

LAW OFFICES
**MESERVE,
MUMPER &
HUGHES LLP**

0.0

1    2.    Pursuant to this Order, Standard Insurance Company's ("Standard")
2 Claims Manual, Underwriting Manual and/or any documents, records, materials
3 and/or information contained therein, including but not limited to the Index and/or
4 Tables of Contents, are designated as "Confidential."

5    3.    The term "Confidential Information" as used herein shall mean any and
6 all documents, records, materials, and/or information contained and/or set forth in
7 Standard's Claims Manual and/or Underwriting Manual.

8    4.    The production of the Claims Manual and Underwriting Manual and
9 each Index will be conducted as follows:

10        (a)    Standard will produce the Table of Contents of the Claims and
11 Underwriting Manuals to Plaintiff Denise Cortes-Lopez Gilstrap ("Plaintiff"). The
12 Tables of Contents are also considered Confidential and all information within the
13 Tables of Contents is Confidential Information and falls within the purview of this
14 Order.

15        (b)    Plaintiff will then select from the Table of Contents the portions
16 of the Claims and/or Underwriting Manuals that she believes are relevant to this
17 action and that she wishes to be produced.

18        (c)    To the extent that the parties can agree on what portions of the
19 Claims and/or Underwriting Manuals are relevant to this action, those relevant
20 portions will be produced by Standard, pursuant to the terms and conditions of this
21 Order.

22        (d)    As to the documents that are not produced due to a dispute
23 between the parties over the relevance of said documents, or for any other ground,
24 the parties will submit such dispute to the Court for resolution, pursuant to Local
25 Rule 37. Any portion of the Claims and/or Underwriting Manuals, and the contents
26 therein, that is produced following such a dispute, pursuant to Court Order or for any

27

28

LAW OFFICES
**MESERVE,
MUMPER &
HUGHES LLP**

0.0

2

Case No. CV12-03336 VBK
[PROPOSED] CONFIDENTIALITY AND PROTECTIVE
ORDER GOVERNING PRODUCTION OR OTHER
DISCOVERY OF PORTIONS OF STANDARD
INSURANCE COMPANY'S CLAIMS

other reason, shall remain Confidential as described within this Order, and remain within the purview of this Order.

5. Unless otherwise ordered by the Court in this action, the portions of Standard's Claims and/or Underwriting Manuals, and any documents, records, or information contained therein that are produced, will be held by Plaintiff or the receiving party solely for use in connection with this litigation and will be maintained and disclosed only in accordance with this Order.

6. Except with Standard's prior written consent, or upon prior order of this Court obtained upon notice to counsel for all parties, Standard's Claims and/or Underwriting Manuals, and/or any documents, records, materials and/or information contained therein, shall not be disclosed by any party to any person other than:

(a) Plaintiff;

(b) Plaintiff's counsel in this litigation;

(c) employees or independent contractors of Plaintiff's counsel in this litigation;

(d) the Court and court personnel, including stenographic reporters as necessarily incident to the preparation for trial of this action;

(e) noticed or subpoenaed deponents and their counsel;

(f) any person identified as having authored or previously reviewed or received Standard's Claims and/or Underwriting Manuals, and any documents, records, or information contained therein; and

(g) prospective witnesses and/or other persons who, in the judgment of Plaintiff, require Standard's Claims and/or Underwriting Manuals, and any documents, records, or information contained therein, for the purpose of preparing their testimony in this litigation, preparing for trial in this litigation, or advising and assisting counsel in connection with the processing of this litigation.

LAW OFFICES
**MESERVE, MUMPER & HUGHES LLP**

0.0

3

Case No. CV12-03336 VBK
[PROPOSED] CONFIDENTIALITY AND PROTECTIVE ORDER GOVERNING PRODUCTION OR OTHER DISCOVERY OF PORTIONS OF STANDARD INSURANCE COMPANY'S CLAIMS

1  Standard's Claims and/or Underwriting Manuals, and/or any documents, materials, records, and/or information contained therein, may be shown to any person listed in subparagraph (g) of this paragraph only after such person has been shown a copy of this Order and advised of its terms, and only after such person executes a copy of the form of certification attached to this Order as Exhibit "A" (the "Certification").  Subject to the provisions of paragraph 7, below, Standard may, however, disclose Standard's Claims and/or Underwriting Manuals, and any documents, materials, records, and/or information contained therein, to any person or entity, with or without any conditions to such disclosure, as Standard deems appropriate.

7.  Plaintiff's counsel shall maintain complete records of every original signed Certification obtained from any person pursuant to paragraph 6.  These Certifications need not be disclosed to the opposing parties absent further order of the Court.

8.  Any person receiving or viewing Standard's Claims and/or Underwriting Manuals, or any documents, records, or information contained therein, shall not reveal the information to, or discuss the contents of the information with, any person who is not entitled to receive such information as set forth herein.

9.  If any information designated "Confidential," including Standard's Claims and/or Underwriting Manuals, and/or any documents, records, materials and/or information contained therein is included in any papers to be filed in Court, such papers shall be accompanied by an application to file the papers or the confidential portion thereof (if such portion is segregable) under seal.  The application shall be directed to the judge to whom the papers are submitted.  Pending the ruling on the application, the papers or portion thereof subject to the sealing application shall be lodged under seal.

LAW OFFICES
**MESERVE, MUMPER & HUGHES LLP**

0.0

4

Case No.  CV12-03336 VBK
[PROPOSED] CONFIDENTIALITY AND PROTECTIVE ORDER GOVERNING PRODUCTION OR OTHER DISCOVERY OF PORTIONS OF STANDARD INSURANCE COMPANY'S CLAIMS

1     10.     In the event that a dispute arises between the parties regarding the procedures set forth in this Order, and/or a party's compliance with such procedures or this Order, the parties shall first attempt to resolve the dispute in good faith, in compliance with Local Rule 37-1. If the dispute cannot be resolved, either party may seek appropriate relief from the Court, pursuant to Local Rule 37.

      11.    All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action unless subsequently modified by agreement between the parties or further order of the Court.

      12.    This Protective Order has no effect upon, and its scope shall not extend to, Standard's use of its Claims and/or Underwriting Manuals, and/or any documents, records, materials and/or information contained therein.

      13.    Producing, receiving or reviewing Standard's Claims and/or Underwriting Manuals, and/or any documents, records, materials and/or information contained therein, and/or otherwise complying with the terms of this Protective Order shall not:

           (a)    prejudice in any way the rights of either party to object to the production of other documents, records, materials and/or information it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise; or

           (b)    prejudice in any way the rights of either party to seek a court determination whether such other documents, records, materials and/or information should be produced; or

           (c)    prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of other documents, records, materials and/or information as that party may consider appropriate.

LAW OFFICES
**MESERVE, MUMPER & HUGHES LLP**

0.0

5

Case No. CV12-03336 VBK
[PROPOSED] CONFIDENTIALITY AND PROTECTIVE ORDER GOVERNING PRODUCTION OR OTHER DISCOVERY OF PORTIONS OF STANDARD INSURANCE COMPANY'S CLAIMS

14. After the final termination of this action, including all appeals, Standard's Claims and/or Underwriting Manuals, and/or any documents, records, materials and/or information contained therein, and all copies made thereof shall, at the option of the parties holding such information, either (a) be returned within sixty (60) days to Standard, or (b) be destroyed, and a certificate to that effect shall be provided to Standard. However, any work product (as defined under applicable law), pleadings, deposition transcripts or trial exhibits in this action may be retained by counsel, subject to the terms of this Order. The Court and any Court personnel shall be excluded from this Condition.

15. This Order shall govern the production, handling and dissemination of Standard's Claims and/or Underwriting Manuals, and/or any documents, records, materials and/or information contained therein, and all copies made thereof prior to trial. However, it shall not govern in connection with dispositive motions. If any party desires protection of material filed in connection with dispositive motions, the party shall make separate application, to the judicial officer who will preside in connection with the dispositive motion(s).

This order also shall not govern in connection with materials to be used at trial. If any party desires protection of such materials, the party shall make separate application to the judicial officer who will preside at trial, according to procedures followed by that judicial officer. ~~After the pretrial conference, the parties shall meet and confer regarding the confidentiality of information to be used at trial and documents designated as trial exhibits and, if necessary, agree upon a method for maintaining the confidentiality of such information and documents at trial.~~

16. Entry of this Order shall be without prejudice to any application for relief from any restriction contained herein or for any order compelling or further restricting the production, exchange, or use of any document, testimony,

LAW OFFICES
**MESERVE, MUMPER & HUGHES LLP**

0.0

6

Case No.  CV12-03336 VBK
[PROPOSED] CONFIDENTIALITY AND PROTECTIVE ORDER GOVERNING PRODUCTION OR OTHER DISCOVERY OF PORTIONS OF STANDARD INSURANCE COMPANY'S CLAIMS

interrogatory response, or other information produced, given, or exchanged in the course of pretrial discovery in this action.

17. This Order does not operate as an agreement by any party to produce any or all documents and/or information demanded or requested by another party. Nothing herein shall be deemed to waive any applicable objection and/or privilege or be construed as an acknowledgment of the applicability of any objection and/or privilege.

18. All persons bound by this Order are hereby notified that if this Order is in any manner violated, the person or entity who commits such violation shall be subject to such sanctions as the Court, on motion and after a hearing, deems just. There shall be no other remedy, penalty or damages imposed on or recoverable from the parties, their attorneys, representatives, or assigns, or any cause of action or penalty arising out of a violation of this Order except as stated herein.

19. The Court retains jurisdiction to make such amendments, modifications, and additions to this Order as it may from time to time deem appropriate.

Dated: October 24, 2012

_____
For
Magistrate Judge,
United States District Court

7

Case No. CV12-03336 VBK
[PROPOSED] CONFIDENTIALITY AND PROTECTIVE ORDER GOVERNING PRODUCTION OR OTHER DISCOVERY OF PORTIONS OF STANDARD INSURANCE COMPANY'S CLAIMS

LAW OFFICES
**MESERVE, MUMPER & HUGHES LLP**

0.0

# **EXHIBIT "A"**

I, _____, hereby state and declare that I have read and understand the attached Confidentiality and Protective Order of the United States District Court for the Central District of California in the matter of <u>Denise Cortes-Lopez Gilstrap v. Standard Insurance Company</u>, Case No. CV12-03336 VBK, and hereby agree to fully comply with the terms and conditions thereof. I further consent to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Protective Order.

Executed this _____ day of _____, 20__, at _____
[City]
_____.
[State]

By:_____

Name:_____

LAW OFFICES
**MESERVE, MUMPER & HUGHES LLP**

0.0

8

Case No. CV12-03336 VBK
[PROPOSED] CONFIDENTIALITY AND PROTECTIVE ORDER GOVERNING PRODUCTION OR OTHER DISCOVERY OF PORTIONS OF STANDARD INSURANCE COMPANY'S CLAIMS